JAMES R. McDugle v. John D. Filmer.

1. JURISDICTION. *Circuit Court. Foreign judgment. Costs. Amount.*

If the amount of the judgment of a justice of th'e. peace in another state and the costs of suit therein paid by the plainiff added exceed two hundred dollars the circuit court has jurisdiction of a suit for the aggregate amount brought in this state.

2. JUDGMENT. *Tennessee justice of the peace. Collateral attack. Default. Hour of trial.*

The judgment of a Tennessee justice of the peace is not void (Shannon's Tennessee Code, § 5988), because tried on the return day of the summons and th'e record thereof does not show that the trial was after the hour named in the writ for defendant's appearance.

3. SAME. *Writ of enquiry. Unliquidated damages.*

A judgment of a Tennessee justice of the peace cannot be assailed where sued upon in this state because it was rendered by default upon an unliquidated demand and the record does not show the award of a writ of inquiry to fix damages as required by the statutes of Tennessee (Shannon's Code, § 4679), since by the same statutes (§ 5988) it is provided that every intendment is in favor of the validity of proceedings before justices of the peace.

FROM the circuit court of DeSoto county.

HON. PERRIN H. LOWREY, Judge.

Filmer, appellee, was plaintiff in the court below; McDugle, appellant, was defendant there. The suit was an action begun in the circuit court upon a judgment of a justice of the peace of Shelby county, Tenn. A demurrer to the declaration was overruled, the defendant declined to plead further and judgment was entered for the plaintiff, from which the defendant appealed to the supreme court. The facts are stated in the opinion of the court.

[For a previous suit between the parties, see *McDugle v. Filmer,* 79 Miss., 53.]

*R. L. Dabney,* for appellant.

The first ground of demurrer is, that the suit in Tennessee being for unliquidated damages, the judgment by default was interlocutory only; that the justice could have heard proof and given judgment for such sum as the proof showed the plaintiff entitled to. And, second, that under the laws of the state of Tennessee, the summons in a justice court has no return day written in it, but it is the duty of the constable to summon the defendant to appear on a day, and at an hour, to be set out in the return. The certified copy shows the defendant was summoned for a day, and for 2 o'clock on that day, while the record fails to show that the hour named had arrived when judgment by default was rendered.

The third ground of demurrer is, that the Tennessee judgment being for $200 only, the circuit court had not original jurisdiction of the subject-matter, the costs in Tennessee being no part of a plaintiff's recovery. That is, their courts hold that where a defendant pays a successful plaintiff the amount of his judgment and the costs, that the officers of the court can have an execution issued against the defendant if the plaintiff fail to pay the costs he has collected over to them, and this was once the view of the appellee; for *McDugle v. Filmer,* 79 Miss., 53, is this same case begun in a justice court in Mississippi on this same judgment.

*S. John Waddell,* for appellee.

As to the second ground of the demurrer, that the suit in the court below was only for $200, it is only necessary to call the attention of this court to the declaration in the case where it is explicitly stated that appellee sued and demanded judgment for the $200, for which he had received judgment in Tennessee and the $2.15 costs paid by him in obtaining that judgment,

making a total of $202.15, and that this amount was in excess
of the jurisdiction of a justice of the peace in this state and
therefore the suit was properly brought in the lower court.    As
to the third ground of demurrer, an examination of the trans-
cript of the record from the court of the justice of the peace
shows that the summons upon which the judgment was rendered
was returnable at 2 o'clock P. M., January 9, 1900, and the
judgment was regularly rendered by said justice of the peace
and dated and signed on that day, and counsel for appellant can
cite no authority to this court showing that the justice of the
peace in Tennessee was required to note the particular hour
on which judgments are rendered by him.    This question, like
the one raised upon the first ground of demurrer, is a question
of procedure by the justice of the peace in arriving at the judg-
ment rendered by him, and is one, which, under both the statute
law of the state of Tennessee and by the authorities generally,
every intendment and presumption is in favor of the regularity
and validity of such judgments, and they cannot be attacked in
a collatteral procedure for mere errors of this kind.

By appellants' first ground of demurrer, that the judgment
sued on was an interlocutory and not a final judgment, he is re-
lying upon sec. 5968 of Shannon's Code of Tennessee, which
provides that "If the defendant does not appear at a trial before
a justice of the peace, the justice of the peace shall proceed to
hear the allegations and proof of the plaintiff and render judg-
ment thereon for the amount to which he shows himself en-
titled under the warrant."  (See sec. 5968, Shannon's Code of
Tennessee), and the argument is made to this court that be-
cause the judgment sued on recites simply the fact that it is a
judgment by default in favor of plaintiff for $200 and costs,
that it is void because it does not further show that the justice
of the peace heard evidence on the claim sued on and rendered
said judgment according to that evidence.

The answer to this proposition is that the judgment sued on
is not an interlocutory judgment, but a final judgment, and one

upon which execution could have been issued immediately after it was rendered. There was nothing further to do in the State of Tennessee, so far as this judgment was concerned, except to issue execution thereon and collect the same if it could be done. This demonstrates it to be a final and not an interlocutory judgment. 2 Enc. of Pl. & Pr., 53; *Ib.* 1104 and note 3.

Calhoon, J., delivered the opinion of the court.

Filmer recovered a judgment before a justice of the peace in Tennessee against McDugle by default, on proper service of summons, for $200 and costs, and he paid the costs, $2.15, and then sued McDugle in Mississippi, in a circuit court, for the $202.15. The circuit court had jurisdiction. The costs, added to $200 recovered, constituted a debt over the jurisdiction of a justice of the peace in Mississippi, and the procedure to recover this debt had to be in a circuit court.

It is urged that, because the Tennessee process to McDugle cited him to appear at 2 o'cock p. m., the judgment there should show that the trial was on or after that hour. It is also insisted that, the Tennesee suit being for "damages for failure to comply with lease contract," it was for unliquidated damages, and that therefore the judgment, reciting that it was "for plaintiff, by default, for $200," will not sustain the present action, because the statute of that state (Shannon's Code, § 4679) provides for assessment of damages when the amount of the claim cannot be readily ascertained by calculation. These contentions are unsound. It will be assumed that the justice tried the case at the proper time, and properly ascertained the damages. There was no appeal, and this is a collateral attack upon a judgment which, even if voidable, is certainly not void. Section 5988, Shannon's Tennessee Code, reads as follows: "Every intendment is in favor of the sufficiency and validity of proceedings before justices of the peace, when brought in question, either directly or collaterally, in any of the courts of the state, where it appears on the face of the proceedings that the justice

had jurisdiction of the subject-matter and of the parties." In the case before us the justice had jurisdiction of both. The universal rule is that, when such jurisdiction appears, the intendments and presumptions apply in favor of courts of limited as fully as to those of general jurisdiction.

*Affirmed.*